# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN A. TARPOFF,**
**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**
**Defendant.**                                                  No. 09 - CV - 00411 DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is plaintiff John A. Tarpoff's Rule 37 Motion in Limine to Exclude the Testimony of Any IRS Agent Not Disclosed Prior to the Close of Discovery (Doc. 28). Plaintiff seeks to bar defendant United States of America from producing testimony at trial by Alexis Porrata or any other Internal Revenue Service agent who was not disclosed. He says Porrata was not identified either in Defendant's disclosures under **FEDERAL RULE OF CIVIL PROCEDURE 26(a)** or in response to interrogatories. The Court, however, agrees with Defendant that Porrata's disclosure was not required by **RULE 26** and that his use at trial will be harmless to Plaintiff. Plaintiff's Motion is therefore **DENIED**.

Plaintiff urges the Court to exclude Porrata because Defendant did not disclose him under **FEDERAL RULE OF CIVIL PROCEDURE 26(a)** or in response to interrogatories (Doc. 28, p. 1). Plaintiff had posed an interrogatory asking Defendant

to identify all current or former IRS employees who had reviewed the penalty assessed against Plaintiff (Doc. 28, p. 3). Plaintiff had also asked a similar question seeking IRS employees who had investigated Gateway Beef LLC's purported failure to pay its payroll taxes during the relevant time period (Doc. 28, pp. 3–4). In response to both interrogatories, Defendant offered the name of IRS Revenue Officer Gloria Hayes only. Plaintiff says he first learned of Alexis Porrata on December 3, 2010. Since Defendant did not properly disclose Porrata, Plaintiff believes the penalty should be Porrata's automatic and mandatory exclusion from trial, unless the nondisclosure was justified or harmless. ***Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 825 (7th Cir. 2010) (internal quotations and citations omitted)**.

In response, Defendant says Porrata has no personal knowledge about the facts of this case (Doc. 33, p. 2). Porrata will only be used to authenticate IRS documents that were disclosed during discovery. Thus Defendant was not required to disclose Porrata under **RULE 26(a)(1)(A)(i)** and, even if it was, not disclosing Porrata was harmless (Doc. 33, p. 4).

**RULE 26** requires a party to provide the name, address, and phone number of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." **FED. R. CIV. PRO. 26(a)(1)(A)(i)**. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or

is harmless." **FED. R. CIV. PRO. 37(c)(1);** *David v.Caterpillar, Inc.*, **324 F.3d 851, 856–57 (7th Cir. 2003)**.

The Court agrees with Defendant that it was not necessary to disclose Porrata. Porrata's intended use is only to introduce IRS documents that were disclosed to Plaintiff. He does not have discoverable information himself, so disclosure was not required by **RULE 26**. And since Porrata did not review the penalties against Plaintiff or investigate Gateway Beef, Defendant was truthful in its answers to the interrogatories. The Court finds that Plaintiff has not been prejudiced. Accordingly, Plaintiff's Rule 37 Motion in Limine to Exclude the Testimony of Any IRS Agent Not Disclosed Prior to the Close of Discovery (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 10th day of March, 2011.

David R. Herndon
2011.03.10
10:41:49 -06'00'

**Chief Judge**
**United States District Court**