IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN A. TARPOFF,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.  No. 09 - CV - 00411 DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is defendant United States' Motion in Limine to Exclude Evidence of the IRS's Analyses, Policies, Procedures, Decisions, and Alleged Motives in Assessment and Collection of Tax Liabilities with Regard to John Tarpoff, Sam Brach, and Gateway Beef, LLC (Doc. 34). In short, the Motion seeks to exclude evidence of IRS decisions and motivations underlying its assessment of tax liabilities against Plaintiff. Since this trial will determine the appropriateness of the IRS's assessment against Plaintiff de novo, any such evidence would be irrelevant and therefore inadmissible under **FED. R. EVID. 402**, as well as confusing for the jury and potentially prejudicial to the IRS. In response, Plaintiff primarily argues that Defendant's Motion should only be granted to preclude Defendant from offering evidence found in the IRS's administrative record, unless it is admitted through a witness who has personal knowledge of the facts. The

Court agrees with Defendant's position that this is a trial de novo and the IRS's analyses and motivations underlying its tax assessment against Plaintiff are not relevant to the jury. Defendant's Motion is therefore **GRANTED** in part. The Court will **DEFER** ruling on the admissibility of specific exhibits, however, until trial.

According to **FEDERAL RULE OF EVIDENCE 402**, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court . . . . Evidence which is not relevant is not admissible." "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **FED. R. EVID. 401**.

This trial will determine whether Plaintiff is liable under **26 U.S.C. § 6672** for payroll taxes that Gateway Beef LLC failed to pay to the IRS for the fiscal quarters ending on March 31 and June 30, 2004 (Doc. 1). Plaintiff is liable if (1) he was "required to collect, truthfully account for, and pay over any tax imposed by [Title 26]" and (2) he willfully failed to collect the tax, or truthfully account for and pay the tax, or willfully evaded or defeated payment of the tax. **§ 6672(a)**. Courts review the IRS's assessment of tax liabilities de novo. *Ruth v. United States*, **823 F.2d 1091, 1094 (7th Cir. 1987) ("In general, courts will not look behind an assessment to evaluate the procedure and evidence used in making the assessment.")**.

Defendant infers from Plaintiff's Trial Brief (Doc. 29) and other submissions that he intends to present evidence of the IRS's analyses of the facts and law, motives, administrative policies, or nonstatutory procedures, as well as the appropriateness of the IRS's decisions in its assessment of tax liabilities against Plaintiff, Sam Brach, and Gateway Beef (Doc. 34, p. 2). Defendant also believes Plaintiff might introduce his settlement negotiations with the IRS or the United States. Finally, Plaintiff might argue to the jury about Sam Brach's wealth (or that of his estate), implying that the IRS should have pursued Brach instead. For instance, Defendant points to Plaintiff's Trial Brief, which says the IRS conducted "a sloppy investigation and assessed a penalty against the wrong person." (Doc. 34, pp. 5–6, citing Doc. 29). In light of the foregoing, Defendant moves to exclude all such evidence, including letters from IRS employees to Plaintiff (Plaintiff's exhibits 22, 23, 24, and 29), IRS internal memoranda and recommendations (Plaintiff's exhibits 30 and 31), and ICS History notes (Plaintiff's exhibit 32).

Defendant correctly notes that this is a trial de novo, citing, among other authority, ***Ruth v. United States*, 823 F.2d at 1094**. Thus the IRS's analyses of the facts and law and its decisions in general are not relevant, and therefore not admissible. They do not tend to make more or less probable that Plaintiff was a responsible person under **§ 6672** or that he willfully failed to pay certain taxes to the IRS. Similarly, the settlement negotiations between the parties are also not relevant.

In his response, Plaintiff states he does not plan to introduce such evidence anyway (Doc. 36, p. 4) and that his only purpose in making those arguments was to eventually pursue attorney's fees and costs against Defendant under the Equal Access to Justice Act, **28 U.S.C. § 2413(b)** and **26 U.S.C. § 7430** (Doc. 36, p. 4). Plaintiff's continues, however, saying Defendant's Motion should only be granted to preclude Defendant from offering documentary evidence of the IRS's administrative record, unless it is admitted through a witness who has personal knowledge of the facts. But the IRS's documentary evidence in its administrative record, if it embodies the IRS's analyses of facts and law, is not relevant to this trial whether introduced by a witness with personal knowledge of the facts or not. Plaintiff is effectively reiterating his Rule 37 Motion in Limine, which sought to exclude Defendant's records witness, Alexis Porrata (Doc. 28). The Court has already denied that Motion, however, and declines the invitation to revisit it. Accordingly, the Court will **GRANT** Defendant's Motion to exclude evidence of the IRS's analyses, policies, procedures, decisions, and alleged motives in assessment and collection of tax liabilities against Plaintiff, as well as settlement negotiations.

Defendant's Motion also seeks to preclude Plaintiff from presenting evidence of Sam Brach's wealth, the value of his estate, or his ability to pay the tax liabilities at issue, implying that the IRS should have pursued him instead of Plaintiff. For example, Plaintiff's Trial Brief states "the [IRS] should have collected Gateway Beef's unpaid payroll taxes from Mr. Brach's substantial multi-million dollar

estate, . . . ." (Doc. 29, p. 5). The Court agrees that such evidence, if offered, would not be relevant. As the Seventh Circuit has held, more than one individual within a company may be responsible under **§ 6672**. ***Sawyer*, 831 F.2d at 758**. But, Plaintiff responds, the jury should be allowed to hear evidence relating to the ownership, management, and control of Gateway Beef and its finances to determine whether Plaintiff developed the willful intent not to pay the taxes (Doc. 36, p. 5). Plaintiff cites ***United States v. Harris*, 942 F.2d 1125, 1131 (7th Cir. 1991)** for its holding that letters from a widower to the defendant-taxpayer were relevant to the taxpayer's defense and therefore too important to exclude. The Court agrees with Plaintiff that Brach's role at Gateway Beef might tend to make it more or less probable that Plaintiff was willful in failing to pay over the taxes. Nevertheless, that is not the thrust of Defendant's current Motion. Therefore, the Court will **GRANT** Defendant's Motion to preclude Plaintiff from arguing to the jury about Sam Brach's wealth to imply that the IRS should have pursued Brach in this matter instead of Plaintiff.

Similar to the issue of Brach's wealth, Defendant argues that Plaintiff should not be permitted to offer evidence of Gateway Beef's money in the Bank of Edwardsville, implying that the IRS should pursue that account instead of Plaintiff (Doc. 34, pp. 6–7). Plaintiff's Trial Brief states that the IRS "has even refused to levy against monies which Gateway Beef still has sitting in an account at the Bank of Edwardsville (Doc. 29, p. 5). Defendant says the bank account is not relevant

to whether Plaintiff is liable under **§ 6672**. Again, the Court agrees that whether the IRS can or could have collected funds from the bank account is not relevant.

Plaintiff contends that he should be permitted to show that Gateway Beef holds funds in the Bank of Edwardsville together with the facts that he is a signatory on the account but cannot draw on those funds (Doc. 36, pp. 7–8). His purpose is not to imply the IRS is pursuing the wrong party but to bolster his claim that he is not a responsible person under **§ 6672**. That is, if Plaintiff cannot reach the money now even though he is still a signatory on the account, he could not reach the money during the time periods at issue either (Doc. 36, p. 7). Again, this response does not address the point made in Defendant's Motion. The Court will **GRANT** Defendant's Motion to preclude Plaintiff from arguing to the jury about Gateway Beef's bank account and imply thereby that the IRS should have levied on that account instead of against Plaintiff.

Finally, the specific exhibits Defendant wishes to exclude, namely the letters from IRS employees to Plaintiff, IRS internal memoranda and recommendations, and ICS History notes are probably not relevant to the issues at trial. But it is not clear that Plaintiff intends to introduce those exhibits (*See* Doc. 36, p. 4). It appears he has included them to pursue a separate claim for attorney's fee and costs, if he prevails at trial (Doc. 36, p. 8). Since the Court has not seen them and they may not be introduced, the Court will **DEFER** ruling on them until trial should the need arise.

Accordingly, Defendant's Motion in Limine to Exclude Evidence of the IRS's Analyses, Policies, Procedures, Decisions, and Alleged Motives in Assessment and Collection of Tax Liabilities with Regard to John Tarpoff, Sam Brach, and Gateway Beef, LLC (Doc. 34) is **GRANTED** in part. Plaintiff may not present evidence to the jury of the IRS's analyses and motivations underlying its tax assessment against Plaintiff; settlement negotiations; or Sam Brach's wealth and Gateway Beef's bank account, if used to imply that the IRS should have pursued either of them instead of Plaintiff. The Court **DEFERS** ruling on the admissibility of specific exhibits until trial.

**IT IS SO ORDERED**.

Signed this 10th day of March, 2011.

David R. Herndon
2011.03.10 10:45:17
-06'00'

**Chief Judge**
**United States District Court**