IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN A. TARPOFF,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.                                                    No. 09 - CV - 00411 DRH

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is defendant United States' Motion in Limine to Exclude Evidence of the Ultimate Issues by Marsha Caughron (Doc. 35). Defendant wishes to preclude plaintiff John A. Tarpoff from introducing opinion testimony by Caughron at trial on the ultimate issues in the case, whether as a lay or expert witness. Specifically, Defendant does not want Caughron to state that Plaintiff was a responsible person for paying payroll taxes, since "responsible person" is a legal conclusion. In response, Plaintiff argues that Caughron should be permitted to testify based on her personal observations of Gateway Beef's operations, such as the preparation of payroll, payroll taxes, and accounts payable (Doc. 37). The Court agrees with Defendant that the witness must not interpret the statute at issue or offer an opinion whether Plaintiff is responsible or willful within the

meaning of the statute. To that extent, Defendant's Motion is **GRANTED**. There is a distinction between corporate responsibility and legal responsibility, however. Plaintiff and his witnesses may offer factual testimony regarding corporate responsibilities within Gateway Beef.

## II. Background

This trial will determine whether Plaintiff is liable under **26 U.S.C. § 6672** for payroll taxes that his former employer, Gateway Beef LLC, failed to pay to the IRS for the fiscal quarters ending on March 31 and June 30, 2004 (Doc. 1). The IRS has assessed a penalty against Plaintiff personally, and Plaintiff seeks to abate the penalty. Defendant has filed a counterclaim to collect the penalty from Plaintiff (Doc. 9).

According to the statute at issue, Plaintiff is liable and must pay the penalty if (1) he was "required to collect, truthfully account for, and pay over any tax imposed by [Title 26]" and (2) he willfully failed to collect the tax, or truthfully account for and pay the tax, or willfully evaded or defeated payment of the tax. **26 U.S.C. § 6672(a)**. Regarding element (1), such a person is commonly called a "responsible person." ***United States v. Kim*, 11 F.3d 1351, 1357 (7th Cir. 1997)**. In this Circuit, a responsible person is one who retains "control of finances within the employer corporation: the power to control the decision-making process by which the employer corporation allocates funds to other creditors in preference

to its withholding tax obligations." ***United States v. Running*, 7 F.3d 1293, 1297 (7th Cir. 1993)(quoting *Sawyer v. United States*, 831 F.2d 755, 758 (7th Cir. 1987))**. A responsible person need only have significant control over the allocation of funds, and more than one individual can be a responsible person within the meaning of the statute. ***Id.* (internal citations omitted)**. Regarding element (2), the responsible person acts *willfully* if he "either knew the taxes were not being turned over to the government and nonetheless opted to pay other creditors, or recklessly disregarded a known risk that the taxes were not being paid over." ***Kim*, 111 F.3d at 1357**.

### III. Discussion

In general, witnesses may only testify to matters within their personal knowledge. ***See* FED. R. EVID. 602**. A lay witness may testify as to opinions or inferences as well, but limited to "those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ." **FED. R. EVID. 701**. "[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." **FED. R. EVID. 704**. Thus, the Seventh Circuit has explained that an objection to a witness's testimony for offering an opinion based

on an "ultimate issue" is no longer valid. ***United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)**; *see also **United States v. Standard Oil Co.*, 316 F.2d 884, 889 (7th Cir. 1963)**. But lay witnesses may be prohibited from testifying in "terms that demand an understanding of the nature and scope of the criminal law" or as to "the legal implications of conduct," on the grounds that any such testimony would not be helpful to the trier of fact. ***United States v. Baskes*, 649 F.2d 471, 478 & n.5 (7th Cir. 1980) (contrasting *Standard Oil Co.*, 316 F.2d at 889–90, where the words at issue had well-established lay meanings, from those before the court, which "demand[ed] a conclusion as to the legal implications of conduct.");** *United States v. Espino*, **32 F.3d 253, 257 (7th Cir. 1994)**. The decision whether to admit lay testimony under **RULE 701** is within the district court's discretion. ***Espino*, 32 F.3d at 257**.

### IV. Analysis

Defendant wants to prohibit Plaintiff's witness Marsha Caughron, the former bookkeeper at Gateway Beef, from testifying about the two ultimate issues in this trial, whether Plaintiff is a responsible person and whether he willfully failed to pay Gateway Beef's taxes (Doc. 35, pp. 1–2). Defendant makes two related arguments to exclude such testimony, depending on whether Caughron is a lay witness or an expert witness (Doc. 35, p. 5). However, Caughron is not listed as an expert witness in the Final Pretrial Order (Doc. 27, p. 8), and Plaintiff has given no

indication that Caughron would be offered as one (*see* Doc. 37, p. 2). Therefore the Court will only address her potential testimony as a lay witness.

Defendant's Motion objects to Caughron's deposition testimony:

> Q. And it was Mr. Brach's responsibility to make sure that Gateway Beef, LLC paid its payroll taxes; is that correct?
> A. Oh, yes.
> Q. It's also an accurate statement it was not John Tarpoff's duty to make sure that Gateway Beef, LLC paid its payroll taxes?
> A. Yes. That would be accurate. It wasn't.

(Doc. 29, pp. 1–2, citing Caughron Dep. 35:12–20). First, Defendant argues, this testimony is a legal conclusion that goes to the ultimate issues in this case. Defendant maintains that the legal determination of responsibility and willfulness under **§ 6672** does not necessarily track a conventional or intuitive understanding of those terms. As noted above, a "responsible person" within the meaning of **§ 6672** is a legal conclusion. ***See, e.g., Kim*, 11 F.3d at 1357**. In his response, Plaintiff argues that Caughron should be permitted to testify based on her personal observations of Gateway Beef's operations, such as the preparation of payroll, payroll taxes, and accounts payable (Doc. 37, p. 1).

The Seventh Circuit held in ***United States v. Baskes*** that lay witnesses may be prohibited from testifying in "terms that demand an understanding of the nature and scope of the criminal law" or as to "the legal implications of conduct." ***Baskes*, 649 F.2d at 478**. At issue in ***Baskes***, defendant's counsel asked a

witness whether he "unlawfully, knowingly and wilfully conspire[d] to defraud the United States . . . ." *Id.* Whether conduct is "unlawful," "wilful," or forms a conspiracy requires an understanding of criminal law. *Id.* In such a case, the district court may properly conclude that any such testimony would not be helpful to the trier of fact. *Id.* The court added that the defendant in ***Baskes*** was otherwise permitted to cross-examine the witness extensively. *Id.* And Defendant did "not complain that he was unable to question [the witness] as to any factual matter, . . . ." *Id.*

In contrast, an earlier Seventh Circuit case assigned error in the district court's refusal to allow defense-witness testimony in an antitrust prosecution when the words at issue had "well-established lay meanings." ***United States v. Standard Oil Co.*, 316 F.2d 884, 889–90 (1962)**. The defendant oil companies had been convicted of conspiring to raise oil prices. *Id.* **at 886–87**. They were accused of reaching unlawful agreements, and the district court had barred defendants' employees from answering questions during trial asking whether they had made agreements, reached understandings, or made promises or commitments with certain alleged coconspirators. *Id.* **at 889**. The Court of Appeals held that barring such testimony was erroneous because the jury would not have been bound by the witnesses' answers. *Id.* Further, words such "agreement," "permission," understanding," and "assurance" have well-established lay meanings. *Id.* **at 889–90**. The employees' testimony was also highly important

to the defense; it was virtually the only way for the companies to deny the charges against them. *See id.* **at 890**.

Here, consistent with *Baskes*, the Court finds that Caughron may not offer testimony that interprets **§ 6672** because it would amount to a legal conclusion. At issue is whether Plaintiff (1) was a "responsible person" at Gateway Beef, meaning he was required by law to pay over the taxes assessed against Gateway Beef; and (2) whether he willfully failed to pay the taxes. *See* **§ 6672(a)**. Just as counsel in *Baskes* could not ask whether the witness "unlawfully, knowingly and wilfully conspire[d] to defraud the United States," counsel may not ask Caughron whether Plaintiff was a "responsible person" or "willful" within the meaning of the statute. These terms demand an understanding of the nature and scope of the law, and the legal implications of conduct. As such, the testimony would not be helpful to the jury.

Plaintiff asked in Caughron's deposition whether it was "Brach's responsibility to make sure that Gateway Beef, LLC paid its payroll taxes." This does not appear to be an interpretation of the statute. In this context, the distinction must be made between legal responsibility and corporate responsibility. Caughron was speaking of corporate responsibility. It is also true that "responsibility" has a well-established lay meaning, as did "agreement" in *Standard Oil Co.* Plaintiff may question Caughron as to any factual matter (consistent with **Rules 602** and **701**), including her personal observations of

Gateway Beef's operations. *See Baskes*, **649 F.2d at 478**.

Defendant also suggests that Caughron's proposed testimony cannot be rationally based on her perceptions as a bookkeeper, *see* **FED. R. EVID. 701(a)**, because she only met Sam Brach one time and mostly interacted with him by phone (Doc. 35, p. 4). Defendant does not cite any authority for the proposition that perceptions do not include auditory perceptions, however. Thus the Court finds that testimony based on phone calls would be within Caughron's personal knowledge and need not be excluded, provided it is otherwise admissible.

## V. Conclusion

Defendant's Motion in Limine to Exclude Evidence of the Ultimate Issues by Marsha Caughron (Doc. 35) is **GRANTED** to the extent that Caughron may not interpret the statute at issue or offer an opinion whether Plaintiff is responsible or willful within the meaning of the statute. Nonetheless, Caughron may offer factual testimony regarding corporate responsibilities within Gateway Beef.

**IT IS SO ORDERED**.

Signed this 10th day of March, 2011.

David R. Herndon
2011.03.10
11:05:59 -06'00'

**Chief Judge**
**United States District Court**