# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN A. TARPOFF,**
**Plaintiff,**

v.

**UNITED STATES OF AMERICA,**
**Defendant.**                                             No. 09 - CV - 00411 DRH

## ORDER

**HERNDON, Chief Judge:**

Defendant United States submits a Motion in Limine to Exclude Exhibits Based on Relevance, Authenticity, Completeness & Hearsay (Doc. 38). As indicated by the Motion's title, Defendant makes a series of objections to plaintiff John A. Tarpoff's exhibits 1–7, 9–16, and 18–21. The Court hereby **GRANTS** the Motion with respect to exhibits 16, 20, and 21. The Court also **DENIES** the Motion in part and **DEFERS** in part, to see whether Plaintiff can properly lay the foundation and establish relevance at trial.

Defendant objects to many of the exhibits on completeness grounds pursuant to **FEDERAL RULE OF EVIDENCE 106**. For instance, Exhibit 1 was part of a fax transmission that is apparently missing two pages, and Exhibit 12 "may have included additional pages" (Doc. 38, pp. 5 & 13). Defendant makes similar objections to exhibits 3, 6, 7, 9, 10, 11, 12, 13, 15, 16, and 21. "When a writing or recorded

statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." **FED. R. EVID. 106**. Here, Defendant does not say which pages are missing or, in particular, why in fairness they ought to be considered. These objections are **DENIED**.

Defendant raises several objections based on authenticity as well. Again Exhibit 1 is cited because it is "unclear who actually wrote the document and when" (Doc. 38, p. 4). Authenticity objections are also made to exhibits 3, 6, 7, 9, 10, 11, 12, 13, 14, and 21. "[A]uthentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." **FED. R. EVID. 901(a)**. One way to authenticate a matter is by testimony of a witness with knowledge that "a matter is what it claims to be." **FED. R. EVID. 901(b)(1)**. Thus **RULE 901** contemplates proper authentication and identification to be made at trial by a witness. Accordingly, rulings on these objections are **DEFERRED** until trial.

Relevance and hearsay are also bases for Defendant's Motion. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." **FED. R. EVID. 401**. "Evidence which is not relevant is not admissible." **FED. R. EVID. 402**. Hearsay is a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove

the truth of the matter asserted." **FED. R. EVID. 801**. Defendant's relevance arguments are discussed below. Due to the numerous exceptions to hearsay, those objections must be **DEFERRED** until trial.

Finally, Defendant uncovers what appears to be the mistaken inclusion of Exhibit 21, a duplicate of Exhibit 9. Plaintiff concedes these are substantially the same documents and will only seek to admit one of them (Doc. 39, p. 5). Defendant's objection is therefore **GRANTED** by agreement of the parties.

A. **Exhibit 1: Tarpoff contract**

Plaintiff's Exhibit 1 is alleged to be Plaintiff's employment contract with Gateway Beef. Defendant objects to the relevance of this document and claims it is inadmissible hearsay as well (Doc. 38, p. 5). Plaintiff does not respond regarding relevance, but says this is not hearsay because the document is admissible either as a contract or for its effect on Plaintiff rather than for the truth of the matter asserted (Doc. 39, pp. 3–4). The Court will **DEFER** a ruling on this exhibit until trial to see whether Plaintiff can first overcome the technical objections to the document.

B. **Exhibits 2, 3, 4, 9: Gateway Beef documents**

These exhibits are documents that Plaintiff maintains are business records from Gateway Beef (Doc. 39, p. 4). Defendant claims they are not relevant. Exhibit 2, for instance, does not have Plaintiff's name in it, and Exhibit 3 says "Preferred Beef

LLC" on it instead of "Gateway Beef" (Doc. 38, pp. 6–7). Defendant also casts doubt on their relevance because the times these documents were sent or received are after the time periods at issue. Plaintiff avers that these are business records kept by Gateway Beef's bookkeeper, Marsha Caughron, and therefore are "incredibly relevant" to Plaintiff's potential liability (Doc. 39, p. 4). The Court finds that these documents do appear to be relevant in that they shed light on the control of finances within Gateway Beef. Defendant's objections are **DENIED**. As indicated above, Plaintiff will need to establish the authenticity of and lay the proper foundation for these exhibits at trial.

C. <u>**Exhibits 10-15: Bank of Edwardsville records**</u>

Exhibits 10-15 are documents from the Bank of Edwardsville, where Gateway Beef maintained accounts. Several are letters to Charles Unger, an executive at the bank (Doc. 39, p. 5). Defendant objects that the documents are hearsay, if they will be used to prove the truth of the matters asserted in them (Doc. 38, pp. 12–16). The Court will **DEFER** ruling on the hearsay objections until trial, since that determination will require proper authentication by a witness. Defendant adds a relevance objection to the final page of Exhibit 13, which is a corporate authorization resolution (Doc. 38, p. 13). The page is a fax from Gateway Beef Coop, not Gateway Beef LLC, so Defendant says "it is unclear what effect the document has" on Plaintiff's liability in this matter (Doc. 38, p. 14). Defendant is correct that it is unclear. The

relevance cannot be determined without witness testimony. The objection is **DENIED**.

### D. <u>Exhibits 5-7: Organizational documents</u>

Exhibits 5-7 are corporate articles of organization, amendments to the articles, and letters relating to them from a law firm to Plaintiff and from the Office of the Illinois Secretary of State (Doc. 38, pp. 8–9). Defendant suggests Exhibit 5 is irrelevant because it is the articles of organization for Gateway Glatt Kosher Beef LLC, not Gateway Beef LLC. Exhibit 6, a letter from a law firm to Plaintiff referring to returned articles of amendment, is also objected to on relevance grounds. As to Exhibit 7, Defendant claims that the cover letter therein "does not have any bearing" on whether Plaintiff is a responsible person, while Defendant makes no similar objection to the articles of amendment enclosed with the cover letter (Doc. 38, p. 10). Plaintiff responds that the cover letters with these exhibits are all addressed to Plaintiff and are therefore relevant, and admissible nonhearsay, for their effect on Plaintiff's understanding of his role at Gateway Beef (Doc. 39, p. 6). The Court finds that Defendant's objections here are not persuasive. They are hereby **DENIED**. Plaintiff will need to properly authenticate the documents at trial.

### E. <u>Exhibits 18 & 19: Checks written by Sam Brach</u>

These exhibits are checks drawn on Gateway Tarpoff Beef LLC's bank account

and written by Sam Brach (Doc. 38, p. 17). Defendant believes they are not relevant because they are dated September 2004, which is after the time periods at issue, the quarterly periods ending in March and June of 2004. The checks also have a different company name than "Gateway Beef LLC." Moreover, whether Brach writes checks for Gateway Beef, Defendant asserts, does not absolve Plaintiff of his potential liability under **26 U.S.C. § 6672**: More than one individual may be a responsible person under **§ 6672**. *Thomas v. United States*, **41 F.3d 1109, 1113 (7th Cir. 1994)**. Yet these checks do seem relevant to the issue of financial control of Gateway Beef. The objection is **DENIED**. Authentication must be determined at trial.

### F. Exhibits 16 & 20: Affidavits of Caughron and Tarpoff

The final objection targets exhibits 16 and 20, affidavits of Marsha Caughron and Plaintiff that were submitted to the IRS during administrative review (Doc. 38, pp. 16–17; Doc. 39, p. 7). Defendant objects that these are hearsay, and argues the witnesses should be required to testify live at trial. Plaintiff says he does not intend to admit these exhibits. His intention is to use them to refresh the witnesses' recollections on the stand or to impeach IRS testimony (Doc. 39, p. 7). Consequently, this objection is **GRANTED**, since the parties are in agreement. Rulings on the hearsay exception for past recollection recorded, **FED. R. EVID. 803(5)**, as well as possible use for impeachment are **DEFERRED** until trial.

In summary, Defendant's Motion in Limine to Exclude Exhibits Based on

Relevance, Authenticity, Completeness & Hearsay (Doc. 38) is **GRANTED** in part, **DENIED** in part, and **DEFERRED** in part. Objections as to the completeness of the exhibits are **DENIED**. Rulings on the authenticity of exhibits are **DEFERRED** until trial. The Court also **DEFERS** a ruling on Exhibit 1 until trial to see whether Plaintiff can overcome the technical objections to it. Defendant's relevance objections to exhibits 2, 3, 4, and 9 are **DENIED**, although Plaintiff must establish those exhibits' authenticity and lay their proper foundation at trial. The Court **DEFERS** ruling on the hearsay objections to exhibits 10–15 and **DENIES** the relevance objection to Exhibit 13. The relevance objections regarding exhibits 5–7, 18, and 19 are **DENIED**, although again Plaintiff must authenticate the exhibits at trial. Finally, Defendant's objections to exhibits 16, 20, and 21 are **GRANTED** by agreement of the parties, but the Court **DEFERS** a decision as to hearsay exceptions or use for impeachment.

    **IT IS SO ORDERED**.

    Signed this 10th day of March, 2011.

David R. Herndon
2011.03.10 11:10:20
-06'00'

**Chief Judge**
**United States District Court**