IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN A. TARPOFF

    **Plaintiff,**

v.                                                          Case No. 09-cv-411-DRH-PMF

UNITED STATES OF AMERICA,

    **Defendant.**

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I.    INTRODUCTION

Pending before the Court is plaintiff's motion for judgment on the jury's verdict and award fees and costs (Doc. 55). The jury returned a verdict for plaintiff on March 16, 2011, specifically finding plaintiff was not a person responsible for collecting, truthfully accounting for, or paying over the taxes withheld from the wages and salaries of the employees of Gateway Beef, LLC. The jury further found plaintiff did not act "willfully" (Doc. 48). However, judgment was not entered at that time. Thus, plaintiff instantly moves for judgment on the jury's verdict. Additionally, plaintiff seeks an award of attorney's fees and costs incurred in the instant litigation, as he argues the government was not substantially justified in its position (Doc. 55). The government moves to establish a due date for its response to plaintiff's motion for fees and costs (Doc. 74). Plaintiff opposes the government's motion (Doc. 75).

For the following reasons, the Court **GRANTS in part** plaintiff's motion, as an entry of judgment on the jury's verdict is warranted (Doc. 55). However, due to the incompleteness of plaintiff's motion and the government's need to establish a due date for its response, the Court must defer ruling as to plaintiff's entitlement to an award of attorney's fees. Accordingly, the government's motion to establish a due date for its response to plaintiff's motion for fees and costs is **GRANTED** (Doc. 74). Further, for reasons discussed herein, plaintiff is Ordered to supplement his motion. Plaintiff's supplement is due by **April 11, 2012**. The government's response to plaintiff's motion (Doc. 55) and his yet to be filed supplement is due by **April 25, 2012**.

## II.   BACKGROUND

This litigation arises from the failure of a business, Gateway Beef, LLC (Gateway Beef), to pay withheld federal taxes to the Internal Revenue Service (IRS). The Gateway Beef Cooperative (Cooperative), an organization of farmers and ranchers, together with Brach's Glatt Meat Markets, a New York grocery stored owned by Sam Brach (Brach), formed Gateway Beef in 2003. Gateway Beef failed to pay its payroll taxes for the quarters ending March 31, 2004 and June 30, 2004. Accordingly, on November 26, 2007, pursuant to 26 U.S.C. § 6672(a), the IRS levied a total penalty of $66,693.02 against plaintiff, the head cattle buyer for Gateway Beef, alleging his status as a "responsible person" who "willfully" failed to collect, account for, or pay over payroll taxes to the United States.  *See* 26 U.S. § 6672(a). Plaintiff contested this assessment at the

administrative level to no avail. Therefore, plaintiff filed suit against the government on May 29, 2009, pursuant to 26 U.S.C. § 6672, seeking recovery of monies the IRS withheld from one of his tax refunds, as well as money he paid under protest. The government counterclaimed for the remainder.

Following a three-day jury trial held from March 14-16, 2011, the jury returned a verdict in favor of plaintiff, finding he was not a person responsible for collecting or accounting for the withheld taxes and that he did not act willfully (Doc. 48). Judgment was not entered at that time. Accordingly, plaintiff filed the instant motion for judgment on the jury's verdict and award fees and costs on March 29, 2011 (Doc. 55). However, on April 14, 2011, the government filed a motion for judgment as a matter of law and, alternatively, a motion for new trial (Doc. 64). Therefore, the government requested that the Court hold plaintiff's instant motion in abeyance pending the Court's ruling on the government's alternative requests (Doc. 56). The Court granted the government's request, directing it to respond to plaintiff's motion for judgment on the jury's verdict and award attorney's fees and costs within 14 days of the Court's ruling on the government's motion (Doc. 62).

Meanwhile, plaintiff motioned to supplement the instant motion for judgment on the jury's verdict and award attorney's fees and costs on May 17, 2011 (Doc. 70). In an Order dated February 15, 2012, the Court denied the government's alternative requests for judgment as a matter of law or a new trial, and granted plaintiff's request to supplement the instant motion (Doc. 72). The

Court further extended the government's deadline to respond to the instant motion from 14 days after entry of its Order, to the customary time allowed for responses to post-trial motions following plaintiff's filing of his supplement; 30 days. Thus, the government's response to the instant motion was due thirty days following plaintiff's filing of his supplement. *See* SDIL-LR 7.1(g). Plaintiff filed his supplement on February 17, 2012 (Doc. 73) (filed under seal). Accordingly, the government's response was due, at the latest, by March 21, 2012. *See* SDIL-LR 5.1(c) (allowing an additional three days to the prescribed response time when filing an electronic response).

### III.   **REQUEST FOR CLARIFICATION IS GRANTED (Doc. 74)**

On March 21, 2012, the government motioned to establish a due date for its response to plaintiff's motion for fees and costs (Doc. 74). The government concedes confusion as to its required response date, as it did not have access to plaintiff's sealed supplement (Doc. 73).[1] Thus, the government was unsure as to whether the sealed document represented the extent of plaintiff's intended supplement. Therefore, it requests clarification of its required response date.

Plaintiff responded to the government's request on March 22, 2012, stating under Local Rule 7.1(c), the government had at the latest until March 19, 2012 to respond to the instant motion. *See* SDIL-LR 7.1(c). Thus, plaintiff states as the government neither timely responded nor timely sought an extension of the given

---

[1] As to this point, the Court similarly notes confusion, as all registered parties on CM/ECF have access to sealed documents. The Court additionally notes parties often unnecessarily seal documents. However, inappropriately sealed documents should be brought to the Court's attention and certainly an inability to access pertinent documents is only known to the Court should the parties bring this impediment to its attention.

Page **4** of **14**

response date, plaintiff wishes to "stand on his submissions" and argues the Court should deny the government's request for a date certain to respond.

First, as explained above, plaintiff is incorrect, as the government had until March 21, 2012, to respond to plaintiff's motion. Thus, the government's motion for clarification filed on March 21, 2012 was timely. Second, for the reasons stated herein, the Court presumes plaintiff does not wish to "stand on his submissions," as they do not adequately address the relevant statutory requirements as the Court currently interprets them. Thus, the government's motion is **GRANTED** (Doc. 74). Accordingly, the government's response to plaintiff's request for attorney's fees and costs is due on **April 25, 2012.**

### IV.  JUDGMENT ON JURY'S VERDICT IS GRANTED (Doc. 55)

Plaintiff motions for judgment on the jury's verdict in his favor. The jury's verdict entered on March 16, 2011, specifically found plaintiff was not a "person responsible for collecting, truthfully accounting for, or paying taxes withheld from the wages and salaries of the employees of Gateway Beef, LLC, with respect to" the first and second quarters of 2004. Further, the jury found plaintiff did not act "willfully" (Doc. 48). However, judgment was not entered at that time. Thus, plaintiff seeks a judgment of this Court reflecting the jury's findings. Specifically, plaintiff requests the judgment direct abatement of the tax penalty the government assessed against him for the periods ending March 31, 2004 and June 30, 2004; the first and second quarters of 2004. Further, plaintiff requests that the judgment direct the government to refund $4,765.00 to plaintiff. This amount

reflects the $250.00 plaintiff paid in regards to the now-discharged penalties on November 25, 2009, in addition to the $4,515.00 in tax credits the IRS applied to the penalties. As stated previously, the government has not responded to plaintiff's motion. However, the government's motion for clarification of its required due date to respond to plaintiff's motion for judgment on the jury's verdict and award fees and costs only refers to plaintiff's request for attorney's fees and costs (Doc. 74). Thus, the Court finds the government concedes plaintiff's instant request for judgment on the jury's verdict (Doc. 55).

FEDERAL RULE OF CIVIL PROCEDURE 58 holds the Clerk must promptly enter judgment following a jury verdict. *See* FED. R. CIV. P. 58. Thus, plaintiff's motion is **GRANTED**. The Clerk is instructed to enter judgment in favor of plaintiff and against the government on both Counts I and II of plaintiff's complaint, as well as on the government's counterclaim. Specifically, the judgment shall direct the following:[2]

> 1. Abatement of the tax penalty the government assessed against plaintiff for the quarter ending on March 31, 2004, in the amount of $14,217.36.
>
> 2. Abatement of the tax penalty the government assessed against plaintiff for the quarter ending on June 30, 2004, in the amount of $52,475.66.
>
> 3. The government's refund of $4,765.00 to plaintiff.

---

[2] The parties agreed to the amounts listed in the final pretrial order (Doc. 27, p. 9).

## V.    DECISION ON ATTORNEY'S FEES AND COSTS DEFERRED

### A. Applicability of 26 U.S.C. § 7430

Plaintiff also seeks an award of attorney's fees and costs incurred in the instant litigation and the underlying administrative proceedings.  Plaintiff argues the verdict entitled him to this award, as the government's position was not "substantially justified."   Plaintiff alleges 26 U.S.C. § 7430, a provision of the Internal Revenue Code, and 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), entitle him to this award.  However, although Section 7430 is analogous to the EAJA in many respects, the EAJA specifically holds, "[t]he provisions of this section shall not apply to any costs, fees, and other expenses in any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies." 28 U.S.C. § 2412(e).  Section 7430 applies, "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title."  26 U.S.C. § 7430(a).  At this time, the Court finds the instant proceedings fall within the aforementioned parameters.  Thus, Section 7430 governs plaintiff's request for attorney's fees and costs.

However, as plaintiff has not addressed the specific requirements of Section 7430, he must supplement his motion before the Court can meaningfully review his request.  Thus, in the interests of efficiency, the Court shall highlight the information plaintiff is required to provide to the Court to enable an informed decision on the merits. Further, in addition to the issues discussed herein,

plaintiff is asked to brief the applicability of Section 7430, as opposed to the EAJA, should he disagree with the Court's initial finding. The government is similarly directed to brief this issue in its response to plaintiff's motion.

### B. Specific Requirements of 26 U.S.C. § 7430

### 1. Threshold Determinations

Section 7430 authorizes an award of attorney's fees and costs to the "prevailing party" in any administrative or court proceeding concerning a tax dispute, provided several conditions are satisfied. *See Wilfong v. United States*, 991 F.2d 359, 364 (7th Cir. 1993).  However, a "prevailing party" may recover administrative and litigation costs only if they exhaust all administrative remedies available to them, do not unreasonably protract the proceeding, prevail in the litigation, and demonstrate that their costs are reasonable.  26 U.S.C. § 7430(b); *Zinniel v. Comm'r*, 883 F.2d 1350, 1356 (7th Cir. 1989).  Moreover, as threshold inquiries, a party must submit its application for fees and costs within thirty days of final judgment and attest that his or her net worth did not exceed $2,000,000.00 when the action was filed. *See* 26 U.S.C. § 7430(c)(4)(A)(ii) (incorporating requirements of 28 U.S.C. § 2412(d)(2)(B)).

As to timeliness, the instant motion grants plaintiff's request for an entry of judgment on the jury's verdict.  Thus, the Court had not entered judgment at the time plaintiff filed the instant motion.  However, as plaintiff filed his motion for fees and costs within thirty days of the jury's verdict, the Court finds plaintiff's application is timely.  Further, plaintiff's supplement to the instant motion

demonstrates his net worth was less than $2,000,000.00 on the date he filed his complaint against the government (*See* Doc. 73) (filed under seal).

However, as to the requirement of administrative exhaustion, plaintiff must supplement his motion for the Court to make a determination as to whether he has satisfied the threshold requirements of Section 7430. While plaintiff generally states he pursued his claims at the administrative level, he has not provided the Court with documentation of exhaustion, nor has he addressed this requirement in relation to the instant motion.

### C. "Prevailing Party"

Section 7430 defines "prevailing party" as any party which substantially prevailed with respect to the amount in controversy or the most significant issues presented. *See* 26 U.S.C. § 7430(c)(4)(A)(i). However, under the current version of Section 7430(c)(4)(B)(i), a party who seemingly prevailed against the United States is not deemed a prevailing party, "if the United States establishes that the position of the United States in the proceeding was substantially justified." Thus, the government bears the burden of demonstrating its "position" was "substantially justified." *See Barford v. Comm'r*, 194 F.3d 782, 786 n. 4 (7th Cir. 1999) (discussing 1996 amendments to Section 7430).

### 1. "Position of the United States"

Importantly, Section 7430(c)(7) defines "position of the United States," as:

> (A) the position taken by the United States in a judicial
>     proceeding to which subsection (a) applies, and

>(B) the position taken in an administrative proceeding to which (a) applies as of the earlier of –
>
>>i. the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or
>>
>>ii. the date of the notice of deficiency.

Plaintiff cites mainly to IRS actions taken prior to the commencement of the instant judicial proceedings as evidence of the government's lack of substantial justification. Additionally, plaintiff seeks fees and costs incurred prior to these proceedings.

Thus, based on the plain language of the statute and case law interpreting it, two distinct stages of the government's "position" require evaluation: the government's "position" from the date plaintiff received notice from the IRS Office of Appeals of its decision, a date plaintiff does not definitively provide to the Court, and the government's "position" following the filing of its answer, August 10, 2009. *See Huffman v. Comm'r*, 978 F.2d 1139, 1143 (9th Cir. 1992) (discussing 1988 amendments to Section 7430 which delineated the administrative and court phases of proceedings); *Grant v. Comm'r*, 103 F.3d 948, 952 (11th Cir. 1996); *Jean v. United States*, 396 F.3d 449, 455 (1st Cir. 2005); *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1109-10 (9th Cir. 2007); *Bale Chevrolet Co. v. United States*, 620 F.3d 868, 872 (8th Cir. 2010).[3]

---

[3] The Court notes the Seventh Circuit has not yet directly addressed whether Section 7430 requires a bifurcated analysis as to the government's administrative and litigation positions, except to comment that the 1988 amendments to Section 7430 allow for consideration of the government's administrative and judicial position. *See Zinniel v. Comm'r*, 883 F.2d 1350, 1356 (7th Cir. 1989).

As to the government's administrative position, plaintiff does not specifically address the government's "position" from the date of his receipt of the notice of the decision of the IRS Office of Appeals.[4] The Court infers the government's "position" as of the relevant date is substantially similar to Gloria Hayes' position of May 9, 2007 (S*ee* Doc. 55-4). However, it is the Court's responsibility to make findings, not inferences. Thus, should plaintiff maintain his entitlement to administrative fees and costs, he must supplement the record with an analysis of the government's position from the date he received notice of the decision of the IRS Office of Appeals.[5]

### D. Calculation of Fees Under 26 U.S.C. § 7430

As to the amount of fees plaintiff requests, plaintiff states his legal counsel has billed him for 96.2 hours of professional services, at rates ranging from $270.00 to $580.00 per hour. Specifically, plaintiff seeks $43,725.05 for attorney's fees and costs incurred between the years 2007 and 2011. Thus, as plaintiff filed the complaint instigating the instant underlying proceedings on May 29, 2009, plaintiff seeks fees and costs accumulated prior to the judicial proceedings.

An award under Section 7430 may include both, "(1) reasonable administrative costs incurred in connection with such administrative proceeding

---

[4] While not specifically attached to the instant motion, plaintiff has submitted a letter to the Court plaintiff received from the IRS dated February 3, 2009 (Doc. 3). The letter references a determination from the Appeals Office dated November 1, 2007. Thus, it is unclear to the Court whether plaintiff claims November 1, 2007 or February 3, 2009 as the operative date.

[5] As to the government's judicial "position," although plaintiff does not specifically address the basis of the government's "position" as of the date of its answer and every stage of the proceedings thereafter, the Court acknowledges that the record demonstrates the factual basis of the government's judicial position.

within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a). However, Section 7430 substantially limits the amount of administrative costs recoverable to include "only costs incurred on or after" the earlier of:

> (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals; (ii) the date of the notice of deficiency; or (iii) the date on which the first letter of proposed deficiency which allows the taxpayer an opportunity for administrative review in the Internal Revenue Service Office of Appeals is sent.

26 U.S.C, § 7430(c)(2). Further, litigation costs may not be recovered as administrative costs "because they are not incurred in connection with an administrative proceeding." TREAS. REG. § 301.7430-4(c)(3). Litigation costs include only "[c]osts incurred after the . . . commencement of any . . . court proceeding." TREAS. REG. § 301.7430-4(c)(3)(ii), (c)(4) Ex. 2.

Moreover, as to the amount of attorney's fees recoverable, Section 7430 holds, "such fees shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies such a higher rate." However, the rate of $125, "shall be increased by an amount equal to such dollar amount multiplied by the costs-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting 'calendar year 1995' for 'calendar year 1992' in subparagraph (B) thereof." 26 U.S.C. § 7430(c)(1)(B)(iii).

Page **12** of **14**

As stated previously, plaintiff has not provided the Court with the date he received the notice of the decision of the IRS Office of Appeals.  Thus, should the Court determine plaintiff is entitled to an award of fees, it would be unable to calculate the appropriate amount.  Further, although plaintiff seeks fees ranging from $270.00 to $580.00 an hour, he does not explicitly acknowledge the applicable statutory cap, the "special factors" allowing for the Court's deviation from that cap, or the cost-of-living adjustment.  Accordingly, plaintiff is ordered to supplement the record with this pertinent information.

### iii.     CONCLUSION

In sum, plaintiff is ordered to supplement his motion with documentation demonstrating he has exhausted his administrative remedies.  Further, he must provide the Court with information concerning the government's "administrative position" as of the controlling date.  Further, he must amend his application for fees and costs to include only those incurred on and after the operative date. Finally, as to the amount of fees plaintiff requests, he must address the "special factors" allowing for a deviation of the statutorily mandated cap, in addition to the requisite cost-of-living adjustments. Plaintiff shall file his supplement by **April 11, 2012**. The government's response to plaintiff's supplemented motion is due by **April 25, 2012**. Both parties shall also brief whether they believe 26 U.S.C. § 7430 controls the instant dispute, should they disagree with the Court's preliminary ruling.

Accordingly, plaintiff's motion for judgment on the jury's verdict and award fees and costs is **GRANTED in part,** as the Clerk is instructed to enter judgment (Doc. 55). However, the Court's ruling as to plaintiff's motion for attorney's fees and costs is deferred, as it is not ripe for resolution (Doc. 55). Further, as the Court has provided the government with a response date of **April 25, 2012**, its motion to establish a due date is **GRANTED** (Doc. 74).

**IT IS SO ORDERED.**

Signed this 28th day of March, 2012.

David R. Herndon
2012.03.28
21:05:32 -05'00'

**Chief Judge
United States District Judge**